*A. G. Booth, for appellant.*

*Lee & Rodman, for appellee.*

---

Elizabeth Curd *v.* Conn. Mutual Life Ins. Co.

**Insurance—Payment of Premium—Waiver.**

An insurance company has the right to waive the payment of the whole premium in advance and to accept personal security therefor.

**Insurance—Payment of Premium—Written Receipt.**

The fact that the application for insurance contained a clause that the premium shall not be considered paid unless a receipt therefor shall be given and signed by the president or secretary, does not preclude the party from showing that it had been paid although no receipt has been given.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 13, 1874.

Opinion by Judge Pryor:

It is alleged in the petition that the appellee, in consideration of one hundred and seventy-two dollars and fifty cents, paid and se-

cured to be paid, and the sum of one hundred and seventy-two dollars and fifty cents to be paid on April 24, every year thereafter, delivered to William Curd its policy of insurance, insuring the life of Mrs. Curd for the use and benefit of the plaintiff. These facts are not denied in the answer, except that the premium was payable in semi-annual, and not in annual, installments, and that William Curd had forfeited his policy by failing to pay the last installment for the first year. The policy delivered shows that the contract was that the insured was to make annual payments, the payments to be made on April 24, each year. It is maintained that the application and the receipt constituted a' part of the contract; and by the terms of these two instruments, the payments were to be made semi-annually. What construction is to be placed upon a contract that is required to be perfected by the execution? So many detached writings are not necessary to be delivered. The policy delivered shows that the sum was to have been paid in advance for the first year; and the application or receipt proven, shows that it was to be payable in installments. The plaintiff, to maintain her action, must show the payment of the money, or some consideration for the execution and delivery of the policy. That the policy was delivered is not controverted, and that the premium was paid, and secured to be paid, are facts undenied. The company had the undoubted right to waive the payment of the whole sum in advance, and accept personal surety therefor. This is in substance alleged, and no response made to it. The right of the agent to waive the payment is not made an issue by the pleadings, 'for the reason that defendant has alleged in the petition that the premium was paid and secured to be paid to the company, the defendants. The proof on the part of the company indicates that no security was taken, or payment waived; but this will not be allowed to controvert what the appellee, upon record, admits. The policy was delivered, and upon its face showed that the premium was to be paid in advance. The allegation that it was paid and secured to be paid to the company being undenied, entitled the plaintiff to recover. The fact that the application contains a clause that the premium shall not be considered as paid unless a receipt shall be given therefor, signed by the president or secretary, did not preclude the party from showing that it has been paid, although no receipt may have been given. It will be proper, upon the return of the cause, if the appellee can do it, to permit the answer to be amended and additional pleadings filed

by either party, if the court in its discretion should deem it necessary to a fair prosecution of the case. The judgment of the court below is reversed and cause remanded with directions to award a new trial for further proceedings consistent herewith.

*Seymour, Abbott, for appellant.*

*Bullock, Anderson, for appellee.*